(No. 75-CV-211— )

CHARLES R. THOMAS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

CHARLES R. THOMAS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on September 24, 1974, in a building at the corner of 24th Street and Trumbull, Chicago, Illinois. Charles R. Thomas, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et. seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Charles R. Thomas, age 28, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" *(Ill. Rev. Stat., 1973, ch. 38, §12-4).*

2. That on September 24, 1974, the claimant was beaten and stabbed in a building on the corner of 24th Street and Trumbull Avenue, Chicago, by nine men who were allegedly members of the Latin Kings Street gang.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous stab wounds and injuries for which he was hospitalized for five days. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailants were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. As of this

time, no suspects have been identified and the police investigation has been suspended.

7. That the victim's average monthly earnings for the six months immediately preceding his injury were $400.00.

8. That the victim, as a result of his injuries, was unable to work during the period of September 24, 1974 through October 21, 1974, a period of 26 days. In accordance with the Court accepted method of determining compensation for portions of a month, (the average monthly income ($400) divided by the number of days per month (30.4) and multiplied by the number of days of work missed (26)), the claimant sustained a gross loss of income of $342.11.

9. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital (St. Anthony's) | $1,925.35 |
| 2) | Radiologists | $ 35.00 |
| 3) | Doctors | $ 506.00 |
| 4) | Plastic Surgery | $ 400.00 |
| | | $2,866.35 |

10. That the claimant received medical insurance benefits of $1,976.38 and disability benefits of $95.50 from the UIU Health and Welfare Fund, 25 North 4th Street, Philadelphia, Pennsylvania, 19106. This insurance is provided through the claimant's union, Local 18-B.

That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefits of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $2,071.88. This amount, plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9 and ¶10 leaves an amount of compensable loss, sustained by the claimant $936.58.

11. That the proof submitted in support of this claim satisfied all of the requirements of this act, and the claim is therefore compensable thereunder.

It Is Hereby Ordered that the total sum of $936.58 (Nine Hundred Thirty Six Dollars And Fifty Eight Cents) be immediately paid to the claimant, an innocent victim of a violent crime, from the Court of Claims fund as a complete payment of the total amount of this award.